UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:17-cv-02071 MCE CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's first amended complaint is now before the court.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II. Allegations in the First Amended Complaint**

Plaintiff's first amended complaint is 86 pages long and contains over 300 pages of exhibits. Plaintiff was previously advised to limit his complaint to "a short and plain statement of the claim showing an entitlement to relief." See ECF No. 19 at 3. Instead, plaintiff's scattershot complaint alleges violations including the mishandling of his confidential legal mail; the denial of access to the law library; the denial of adequate medical care; the denial of a daily shower; the destruction of his personal property; the lack of pay for his prison job; an unlawful classification hearing; his transfer to the dining hall while improperly clothed; lack of adequate counsel at his annual classification review; and, his inability to attend a disciplinary hearing. There does not appear to be any unifying event or group of defendants in these wide-ranging allegations other than the fact that they all occurred while plaintiff was housed at High Desert State Prison.[1] Nor is there any temporal relationship between the allegations in the amended complaint as they concern

---

[1] Based on his change of address, plaintiff is now housed at Kern Valley State Prison. See ECF No. 35 (filed June 18, 2018).

events that occurred between June 12, 2015 and September 5, 2017.

**III.    Analysis**

Once again, plaintiff's lengthy amended complaint alleges a variety of misdeeds by numerous defendants over the course of his confinement at High Desert State Prison. His claims cover a wide range of alleged violations of constitutional, statutory, and administrative law. Many of these claims appear to be unrelated to one another, and it is unduly burdensome to determine which, if any, state a cognizable claim pursuant to § 1983. In <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. <u>Id.</u> This complaint illustrates the same "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." <u>McHenry</u>, 84 F.3d at 1179–80.

Another major flaw of the complaint is that it attempts to bring numerous unrelated claims in a single action. Rule 18(a) of the Federal Rules of Civil Procedure provides that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" <u>Id.</u>

Third, plaintiff's amended complaint contains numerous allegations that various defendants mishandled his administrative or other grievances. However, all these claims fail to state a cognizable due process violation. Plaintiff cannot state a due process claim based on defendants' role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due

process rights related to the administrative grievance process itself. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Plaintiff is advised not to include any of these allegations in any second amended complaint because they do not rise to the level of a due process violation.

Plaintiff's complaint will be dismissed and he will be granted leave to file a second amended complaint within 30 days of service of this order. In light of the voluminous nature of plaintiff's complaints, the court will limit any second amended complaint to **20 pages or less**. In any second amended complaint plaintiff should not raise unrelated claims, but rather should focus on a few common claims and describe the actions of the individual defendants.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.     Plain Language Summary**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read your complaint and concluded that it is too voluminous and contains too many unrelated claims against too many unrelated defendants to be able to determine whether it states any cognizable claims for relief. The problems with your complaint may be fixable so you are being given the chance to file a second amended complaint **no more than 20 pages in length** within 30 days of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint **no more than 20 pages** in length that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; and, the failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

/////

3. Plaintiff's request for service of process on all defendants (ECF No. 36) is denied as moot in light of the dismissal of plaintiff's first amended complaint.

Dated: October 22, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/snee2071.14amd.new(1).docx