7    UNITED STATES DISTRICT COURT

8    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DONNIE KAY SNEED,                           No.  2:17-cv-2071 MCE CKD P

11              Plaintiff,

12       v.                                      ORDER

13   SCOTT KERNAN, et al.,

14              Defendants.

15

16       Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

17   Plaintiff has filed a fourth motion for the appointment of counsel to assist him in filing a second

18   amended complaint. ECF No. 41.  District courts lack authority to require counsel to represent

19   indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

20   (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent

21   such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

22   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining

23   whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of

24   success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of

25   the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

26   (district court did not abuse discretion in declining to appoint counsel).  The burden of

27   demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most

28   prisoners, such as lack of legal education and limited law library access, do not establish

                                                   1

1 exceptional circumstances that warrant a request for voluntary assistance of counsel.

2      Having considered the factors under Palmer, the court finds that plaintiff has failed to

3 meet his burden of demonstrating exceptional circumstances warranting the appointment of

4 counsel at this time.

5      Accordingly, IT IS HEREBY ORDERED that:

6      1. Plaintiff's request for the appointment of counsel (ECF No. 41) is denied.

7      2. In light of the denial of this motion, the court will sua sponte grant plaintiff one 30 day

8 extension of time to file his second amended complaint.

9      3. Plaintiff is granted thirty days from the date of service of this order to file a second

10 amended complaint no more than 20 pages in length as explained in this court's October 22, 2018

11 order.

12      4. The failure to file a second amended complaint in accordance with this order will result

13 in a recommendation that this action be dismissed.

14 Dated: December 12, 2018

15 _____

     CAROLYN K. DELANEY

16      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

    12/snee2071.31(4)

22

23

24

25

26

27

28