UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-02071-MCE-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California inmate proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's second amended complaint.

**I.　Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

/////

/////

1

## II.    Procedural History

This case was originally filed by plaintiff on June 8, 2017.[1] It was transferred to this court from the Northern District of California on October 2, 2017.  ECF No. 9.  The original complaint in this case consisted of almost 700 pages, including the exhibits.  ECF No. 1.  In the screening order dated February 1, 2018, plaintiff was advised to limit his complaint to a "short and plain statement" in accordance with Rule 8 of the Federal Rules of Civil Procure.  Plaintiff also was cautioned against bringing unrelated claims against multiple defendants in a single lawsuit.  ECF No. 19 at 3.  As a result, the complaint was dismissed but plaintiff was granted leave to amend.

After several extensions of time, plaintiff filed a first amended complaint which spanned 400 pages including exhibits.  ECF No. 31.  By order of October 22, 2018, the first amended complaint was dismissed for failing to heed the court's Rule 8 advisory and its warning against including unrelated claims and defendants.  The court's screening order characterized the allegations as a "scattershot complaint."  ECF No. 40 at 2.  Plaintiff was once again granted leave to amend his complaint.  The court limited any second amended complaint to no more than 20 pages in length due to plaintiff's prior lack of compliance with Rule 8 of the Federal Rules of Civil Procedure.

## III.    Allegations in Complaint

On March 3, 2019 plaintiff filed a second amended complaint which consisted of 35 pages.  ECF No. 47.  In his second amended complaint, plaintiff names 17 individual defendants including the prior director of the CDCR, as well as various medical and correctional staff at High Desert State Prison.  The allegations in the complaint describe events that occurred between August 5, 2015 and August 8, 2017.  With respect to the specific allegations in the second amended complaint, plaintiff includes claims concerning adequate medical care, prison conditions, lack of pay for his job as a prison porter, procedural due process violations at a prison disciplinary and classification hearing, excessive force, destruction of personal property, and

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), the filing date is determined based on the date that plaintiff delivered the complaint to prison authorities for mailing.

retaliation claims. These claims are not related in time or type and do not concern any common question of law or fact common to all defendants.

**IV.    Analysis**

Plaintiff's second amended complaint does not satisfy the pleading requirements delineated by the Federal Rules of Civil Procedure, nor does it comply with this court's prior orders. Although the second amended complaint is not hundreds of pages in length like prior complaints, the allegations are no more plain or comprehensible as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has filed a confusing complaint that jumps from one random event to the next involving defendants ranging from the CDCR Director to health care staff and correctional officers. Despite two separate warnings in the prior screening orders, plaintiff has failed to comply with this court's page limitation as well as the prohibition against joining unrelated claims against numerous defendants in a single action. Plaintiff simply ignored the court's instructions to focus his complaint so that the court could properly screen it as required by 28 U.S.C. § 1915A(a).

Plaintiff has consistently failed to follow the court's orders with regard to amending the complaint, and therefore it is recommended that his second amended complaint be dismissed without leave to amend. "District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61 (quoting Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). The five-factor test is a balancing test, so not all five factors need to support dismissal for it to be found appropriate. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

3

The first two factors indicate that the case should be dismissed. It is important that the court manage its docket without being subject to the routine noncompliance of litigants, Ferdik, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs towards dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Here, the court told plaintiff on multiple occasions that his amended complaint must contain a short, plain statement, should omit supervisory officials who are generally not liable under § 1983, and that he should not include unrelated claims and defendants in a single cause of action. Additionally, this case was initiated in June 2017, and has not moved beyond the screening phase despite the court's specific instructions on how to proceed and extensions of time to allow plaintiff to comply with those instructions. Plaintiff's continued failure to comply with the instructions has led to this case consuming "large amounts of the court's valuable time that it could have devoted to other major and serious . . . cases on its docket." Ferdick, 963 F.2d at 1261. Therefore, the first two factors weigh more heavily toward dismissal.

The risk of prejudice to defendants also weighs more heavily towards dismissal. "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)). Here, plaintiff has repeatedly failed to obey the court's orders regarding the amendment of his complaint, resulting in the complaint remaining unserved. His repeated failure to comply with the court's instructions, as well as the Federal Rules of Civil Procedure, creates undue delay, prejudices defendants, and overburdens the court.

////

1    The fourth factor weighs against dismissal, since "public policy strongly favors
2    disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation
3    marks omitted).
4    Finally, the availability of less drastic alternatives also weighs towards dismissal. The
5    court does not need to explore every option before dismissing a case. Nevijel v. N. Coast Life
6    Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The court only needs to ensure that "possible and
7    meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights
8    that dismissal effects." Id. In addition, "case law suggests that warning a plaintiff that failure to
9    obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives'
10   requirement." Malone, 833 F.2d at 132 (citations omitted). Here, the court explored many
11   alternatives to dismissal. The court explicitly told plaintiff what was wrong with his complaints
12   and gave him specific instructions on how to remedy the problems on multiple occasions. In
13   addition, the court granted all of plaintiff's motions for more time to allow him to comply. The
14   court warned plaintiff on multiple occasions that failure to comply with the court's instructions
15   would result in a recommendation of dismissal. Plaintiff has demonstrated that he is unable or
16   unwilling to cure deficiencies identified by the court. Thus, providing him further opportunities
17   to comply appears to be futile. As a result, the court is justified in concluding that there are no
18   less drastic alternatives, and the fifth factor weighs towards dismissal.
19   Four out of the five factors of analysis weigh more heavily towards dismissal. As a result,
20   the court concludes that the circumstances of this case favor involuntary dismissal and the
21   amended complaint should be dismissed without leave to amend for failure to comply with court
22   orders.

**V.  Plain Language Summary for Pro Se Party**

24   The following information is meant to explain this order in plain English and is not
25   intended as legal advice.
26   It is recommended that your second amended complaint be dismissed because you have
27   failed to follow the Federal Rules of Civil Procedure and the orders of this court. The court has
28   repeatedly ordered you to keep your complaint short and plain, which you have repeatedly failed

5

to do. This required the court to set a twenty-page limit for your second amended complaint, an order which you also ignored. You also have not obeyed the court's instructions to leave out supervisory officials and to only include defendants and claims that are properly related. As a result, your complaint is far too convoluted for the court to ascertain what your claims are. Given the repeated failure to follow instructions, allowing you to amend the complaint would be futile because it would not fix the issues with the complaint.

## VI. Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint (ECF No. 47) be dismissed without leave to amend for failure to comply with the court's orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/snee2071.f&r.docx

6